IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DANNY BUGG and                                                                                PLAINTIFFS
ELDON BUGG

v.                                              Civil No. 6:18-cv-06040

JASON STACHEY et al.                                                                          DEFENDANTS

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are Defendants' Motion for Judgment on the Pleadings and Defendants' Amended Motion for Judgment on the Pleadings.[1]  ECF Nos. 11, 13.  Plaintiffs have responded to these Motions and request they be denied.  ECF No. 16.  This matter has been referred to the undersigned, and it is now ripe for consideration.

1. **Background:**

Plaintiffs filed their Complaint on May 7, 2018.  ECF No. 1.  In this Complaint, Plaintiffs "bring both federal and supplemental causes of action based on [Plaintiff] Dan's employment relationship being unlawfully discontinued."  *Id.* at 7.  Thus, the Complaint only relates to Plaintiff Danny Bugg's employment relationship with Defendants.

In contrast to Plaintiff Danny Bugg, Plaintiff Eldon Bugg is only a part of this lawsuit because he was purportedly assigned at least part of Plaintiff Danny Bugg's rights in this lawsuit.  *See* ECF No. 1-1.  This assignment was attached to Plaintiffs' Complaint.

2. **Applicable Law:**

A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is determined under the same standard as a motion to dismiss under Rule 12(b)(6) of the

---

[1] Defendants only filed a amended motion to make minor changes in the original motion, not to raise additional claims.  ECF No. 13.  Thus, the Court will consider these two motions (ECF Nos. 11, 13) together as one motion.

Federal Rules of Civil Procedure. *See Ashley County, Ark. v. Pfizer, Inc.,* 552 F.3d 659, 665 (8th Cir. 2009). The Court accepts as true all the factual allegations in the complaint and construes the complaint in the light most favorable to Plaintiff. *Id.*

**3.     Discussion:**

The only issue with Defendants' Motion is whether Plaintiff Eldon Bugg has standing to bring this lawsuit. ECF No. 13. As noted above, his only standing is "conferred" by an assignment from Plaintiff Danny Bugg to Plaintiff Eldon Bugg of rights to at least part of this lawsuit. ECF No. 1-1. Plaintiff Danny Bugg claims such an assignment is proper as an assignment of a "chose in action." *Id.* In response, Defendants claim such an assignment is improper and invalid and should not be enforced. ECF No. 13.

Upon review of the briefing on this issue, the Court finds no basis for invalidating this assignment. For tort claims, Defendants are correct that such claims are generally not assignable in Arkansas. Indeed, the Arkansas Supreme Court has not hesitated "in joining those courts which hold that a survival statute *does not* confer the power of assignment upon the holder of an unliquidated tort claim for *personal injuries*." *S. Farm Bureau Cas. Ins. Co. v. Wright Oil Co., Inc.,* 248 Ark. 803, 809, 454 S.W.2d 69, 72 (1970) (emphasis added). The Arkansas Supreme Court has applied that reasoning to all tort cases. *See Mallory v. Hartsfield, Almand & Grisham, LLP,* 350 Ark. 304, 309, 86 S.W.3d 863, 866 (2002) (recognizing that "[a]lthough *Southern Farm Bureau* reviewed the assignability of tort litigation based upon the *survival* statute, Ark. Code Ann. § 16-62-101 (1987), and the assignment statute, Ark. Code Ann. § 16-65-102 (1987), was not considered in that case, we hold that *Southern Farm Bureau* in no way overrules the common-law prohibition of assignments

in tort cases, but rather conforms with our common law.  Therefore, we affirm the trial court's finding that the assignment of the proceeds of tort litigation in this case was invalid.").

Unlike a tort action, however, this action arises out of an allegedly wrongful employment termination.  Although Plaintiffs do raise supplemental state claims that are tort claims, Plaintiff's federal causes of action are age discrimination under 29 U.S.C. § 623(a) and civil rights violations under 42 U.S.C. § 1983.  Accordingly, at this time and based upon these facts, Defendants have supplied no basis for invalidating this assignment.  Thus, at this time, the Court cannot dismiss Plaintiff Eldon Bugg from this action.

**4.    Conclusion:**

Based upon the foregoing, the Court finds Defendants' Motion for Judgment on the Pleadings (ECF No. 11) and Amended Motion for Judgment on the Pleadings (ECF No. 13) should be **DENIED.**  Plaintiffs' Motion to Strike (ECF No. 16) should be **DENIED AS MOOT.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

DATED this 7th day of November 2018.

                                                  /s/ Barry A. Bryant
                                                  HON. BARRY A. BRYANT
                                                  U.S. MAGISTRATE JUDGE