IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DANNY BUGG and                                                                                                                            PLAINTIFFS
ELDON BUGG

v.                                              Civil No. 6:18-cv-06040

JASON STACHEY et al.                                                                           DEFENDANTS

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiffs' Motion to Supplemental Complaint. ECF No. 18. Defendants have responded to this Motion and request it be denied. ECF No. 19. Plaintiffs have also filed a reply in support of this Motion. ECF No. 21. This matter has been referred to the undersigned, and it is now ripe for consideration.

**1.**     **Background:**

Plaintiffs filed their Complaint on May 7, 2018. ECF No. 1. In this Complaint, Plaintiffs "bring both federal and supplemental causes of action based on [Plaintiff] Dan's employment relationship being unlawfully discontinued." *Id.* at 7.

With their proposed Supplemental Complaint, Plaintiffs seek to name Defendants' attorney John L. Wilkerson and the Arkansas Municipal League as defendants in this action. ECF No. 18. Plaintiffs' basis for adding these two additional defendants is not entirely clear, but it appears Plaintiffs seek to add them because they have "actively litigated to protect the personal assets" of the named Defendants "which–by operation of law and fact–is intended to deprive dan (also a CHS municipal official) of his personal assets." *Id.* ¶ 12.

Thus, based upon Plaintiffs' argument, because John L. Wilkerson and the Arkansas Municipal League are defending the named Defendants in this action, they should be defendants as well. *Id.*

**2.     Applicable Law:**

Under Rule 15(d) of the Federal Rules of Civil Procedure, a party may be permitted to file a supplemental pleading "on just terms." Such supplemental pleadings are allowed if they set out "any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."

**3.     Discussion:**

With their motion, Plaintiffs seek to add Defendants' counsel to this action. ECF No. 18. Apart from a claim that John L. Wilkerson and the Arkansas Municipal League have an indirect personal financial stake in the outcome of this action, Plaintiffs have supplied no basis for adding them as parties to this action. Accordingly, the Court cannot find this supplemental pleading is "on just terms" as required by Rule 15(d) of the Federal Rules of Civil Procedure.[1]

**4.     Conclusion:**

Based upon the foregoing, the Court finds Plaintiffs' Motion to Supplement (ECF No. 18) should be **DENIED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are**

---

[1] Indeed, adding Defendants' counsel as defendants in this action would force them to no longer represent Defendants, and Plaintiff has offered no basis for such a result.

2

**reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.** *See Thompson v. Nix*, **897 F.2d 356, 357 (8th Cir. 1990).**

**DATED this 7th day of November 2018.**

                                                            /s/ Barry A. Bryant
                                                        HON. BARRY A. BRYANT
                                                        U.S. MAGISTRATE JUDGE