IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DANNY BUGG and
ELDON BUGG                                                                    PLAINTIFFS

v.                               CASE NO. 6:18-CV-06040

JASON STACHEY, in his official and individual
capacities; BRIAN ALBRIGHT, in his official
and individual capacities; DAVID FRASHER, in
his official and individual capacities; and CITY OF
HOT SPRINGS, ARKANSAS                                                         DEFENDANTS

## ORDER

Before the Court is a Report and Recommendation filed November 7, 2018, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 32. Plaintiffs have filed timely objections. The Court finds this matter ripe for consideration.

## BACKGROUND

In the instant Report and Recommendation, Judge Bryant recommends that Plaintiffs' Motion for Supplemental Pleading, in which Plaintiffs move for leave to file a supplemental pleading, be denied. Specifically, Judge Bryant finds that Plaintiffs wish to add Defendants' former attorney John L. Wilkerson and the Arkansas Municipal League ("ARML") as defendants, but that Plaintiffs have provided no basis for such action. Accordingly, Judge Bryant concludes that leave to file a supplemental pleading is not warranted under Federal Rule of Civil Procedure 15(d). As noted above, Plaintiffs have filed timely objections.

**DISCUSSION**

In their initial Motion for Supplemental Pleadings, Plaintiffs moved pursuant to Federal Rule of Civil Procedure 15(d). *See* ECF No. 18. Rule 15(d) provides, in relevant part, that: "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." "Rule 15(d) is intended to give the Court broad discretion in allowing a supplemental pleading." *See* Rule 15 Advisory Committee Notes, 1963 Amendment. "An application for leave to file a supplemental pleading is addressed to the discretion of the court and should be freely granted when doing so will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any of the other parties to the action." 6A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE CIVIL § 1504 (3d. ed. Sept. 2018 update). However, a court may deny leave to file supplemental pleadings where the new claim or defense asserted in the supplemental pleading bears "little or no relationship to the original pleading" or "[i]f the moving party is guilty of inexcusable delay or laches." *Id*. at § 1510. Likewise, a reviewing court may consider whether the motion was filed in bad faith or with dilatory motive or whether the supplemental pleading would be futile. *See Riggs v. City of Owensville*, 2011 WL 1576723, at *2 (E.D. Mo. Apr. 26, 2011).

Upon review of Plaintiffs' objections and all relevant filings, the Court notes that Plaintiffs desire to file a supplemental pleading to (1) add John L. Wilkerson[1] and the ARML as defendants and (2) add additional claims concerning the constitutionality of the Municipal Legal Defense

---

[1] At the time Plaintiffs' motion was filed, Mr. Wilkerson was serving as one of Defendants' attorneys. He is no longer involved in this matter and has been relieved as counsel.

Program ("Defense Program") provided by the ARML and/or the statutes on which the Defense Program is based. Plaintiffs' basis for adding these additional defendants and pursuing additional claims is based on their reading of the terms of the Defense Program, "a self-funded risk management trust designed to benefit" the local-government members of the Defense Program. ECF No. 35-1, p. 1. The Defense Program states, in relevant part, that it provides "extraordinary legal defense and extraordinary expenses in 'suits against municipal officials and employees' and 'civil rights suits against the municipal government' or a participating municipality and pay extraordinary judgements . . . imposed on 'municipal officials and employees" and the 'municipal government[.]'" ECF No. 35-1, ¶ 1. However, Plaintiffs note that the Defense Program limits this coverage in certain circumstances, as the Defense Program states that "[t]he words 'suits against municipal officials and employees or the municipal government" shall not include . . . claims filed by or on behalf of any other municipal official or, in the case of suits against the municipality, claims filed by or on behalf of any municipal official or employee of the municipal government[.]" ECF No. 35-1, ¶ 5(c), § 1.

Here, Plaintiffs contend that Plaintiff Dan Bugg "is a municipal official that is suing three other municipal officials as well as the municipality . . . which employed" Plaintiff Dan Bugg and the defendant municipal employees. ECF No. 35, p. 6. Accordingly, Plaintiffs assert that the present case falls under the exceptions outlined in the Defense Program and, therefore, Mr. Wilkerson and the ARML have "acted without lawful authority" in representing Defendants. However, notwithstanding Plaintiffs' contention otherwise, the face of their Complaint clearly alleges that Plaintiff Dan Bugg was not an employee or official of the City of Hot Springs at the time the Complaint was filed. *See* ECF No. 1, ¶ 11 ("Dan *had* an employment relationship with

3

[the City of Hot Springs] from 1999 until 2018 when his employment relationship was unlawfully discontinued at no fault of his own." (emphasis added)). Thus, it is evident that Plaintiff Dan Bugg—as of the date the present case was filed—was a former employee/municipal official employed by the City of Hot Springs. The above-discussed exceptions do not appear to apply to former employees and officials.[2] Furthermore, to the extent Plaintiffs' position is that Plaintiff Dan Bugg was a municipal employee or official at the time the case was filed because he was illegally terminated, the Court finds that argument unpersuasive. Therefore, upon consideration, the Court finds that allowing Plaintiffs to file the proposed supplemental pleading would be futile, as their present stated position is undermined by their initial Complaint.

Furthermore, the Court notes that the proposed supplemental pleading has no relationship to the original pleading. Plaintiffs' initial pleading asserts various causes of action related to the allegedly wrongful termination of Plaintiff Dan Bugg, allegedly unlawful exercise of authority by Defendant Stachey, and allegedly unlawful "organizational structure" of the City of Hot Springs. In their objections to the present Report and Recommendation, Plaintiffs assert that the "core issue in [their] [original pleading] is that the [original defendants] exceeded their [m]unicipal powers; i.e. they acted <u>without legal authority</u> resulting in Plaintiffs' financial injury." ECF No. 35, p. 2 (emphasis in original). Plaintiffs, likewise, now argue that "[b]ecause original defendants acted without lawful authority, then supplemental defendants' actions without lawful authority is a continuation of original defendants' actions without lawful authority" "because [the City of Hot

---

[2] The Defense Program defines "Municipal official and employee" to "include all officials, full-time employees, and members of a municipal board or commission of an Arkansas municipality which is a member of the [ARML] and a participant in the [Defense Program]." ECF No. 35-1, ¶ 5(a). The Defense Program further defines "municipal officials" to "include municipal elected officials, department heads and members of boards and commissions. All others with full-time employment shall be considered employees." ECF No. 35-1, ¶ 5(b).

4

Springs] is a member of the ARML association, and thus subject [to] the defense-program exceptions." *Id*. at 3. The Court finds this line of argument unconvincing. Mr. Wilkerson and the ARML played no role in the allegedly wrongful actions that gave rise to this lawsuit and the claim that they have allegedly acted without legal authority pursuant to the exceptions to the Defense Program in defending Defendants—a dubious argument, as shown above—is unrelated to the allegations of Plaintiffs' Complaint. Accordingly, the instant motion should, likewise, be denied on this ground.

Furthermore, the Court believes that granting leave to file the proposed supplemental pleading would not promote the economic and speedy disposition of the present controversy. As noted above, one reason Plaintiffs wish to file a supplemental pleading is to challenge the constitutionality of the Defense Program and/or the state statutes that underlie the Defense Program. Plaintiffs appear to contend that the Defense Program was established pursuant to Arkansas Code Annotated §§ 14-54-101 and 16-22-211. Upon review of the proposed supplemental pleading, the Court is unsure whether Plaintiffs intend to challenge the constitutionality of the aforementioned Arkansas statutes, to assert that the Defense Program itself is unconstitutional, or both. In the event Plaintiffs mean to challenge a state statute, it appears that the Court would be required to certify to the state attorney general that the constitutionality of a state statute was being challenged. *See* Fed. R. Civ. P. 5.1(b). The attorney general would, likewise, have sixty days to intervene. This process, along with the attendant determination of the constitutionality of the underlying statutes and/or the Defense Program would, in turn, cause a significant delay in the proceedings which, as stated above, are unrelated to these issues. Accordingly, the Court finds that the instant motion should, likewise, be denied on this ground.

Therefore, for the above-discussed reasons, the Court finds that Plaintiffs' Motion for Supplemental Pleading should be denied.

## CONCLUSION

For the foregoing reasons and upon *de novo* review of the Report and Recommendation, the Court **ADOPTS** the instant Report and Recommendation (ECF No. 32) insofar as it recommends that Plaintiffs' Motion for Supplemental Pleading be denied. Accordingly, Plaintiffs' Motion for Supplemental Pleading (ECF No. 18) should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 7th day of January, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge