IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DANNY BUGG AND ELDON BUGG                                    PLAINTIFFS

V.                                CIVIL NO. 6:18-cv-6040-RTD-BAB

JASON STACHEY, BRIAN ALBRIGHT,
DAVID FRASHER, each in their Official
and Individual capacities, and
CITY OF HOT SPRINGS, ARKANSAS                                    DEFENDANTS

## ORDER

The Court has received a Report and Recommendation (ECF No. 75) from United States Magistrate Judge Barry A. Bryant regarding Plaintiffs' Motion for Partial Summary Judgment (ECF No. 55). Plaintiffs filed their complaint on May 7, 2018 alleging federal and supplemental causes of action based on the facts and circumstances surrounding the discontinuation of Danny Bugg's employment relationship with the City of Hot Springs. (Compl., May 7, 2018, ECF No. 1.) Judge Bryant recommends that Plaintiffs' Motion for Partial Summary Judgment be denied, and that Plaintiffs' case be dismissed with prejudice. Plaintiffs have filed timely objections (ECF No. 80.) This matter is ripe for review.

The Court has conducted a *de novo* review of the entire record, including those portions of the report and recommendation to which Plaintiffs have objected. 28 U.S.C. 636(b)(1). The central theme of Plaintiffs' objections is that Danny Bugg did not intend to retire or resign his position when he sent the September 8, 2017 email[1] to Hot Springs Police Chief Jason Stachey.

---

[1] Danny Bugg's September 8, 2019 email to Jason Stachey and Chris Chapman reads as follows:

    After much thought and reflection I find that my first duty to myself is to be honest. That relates to my honesty to each of you. Looking at my calendar, it appears Friday, January 5th, of 2018 would be as prime

Plaintiffs contend that Defendants persistently and wrongfully misconstrued the purpose of the email, relieved Danny of duty, and terminated his employment benefits. According to Plaintiffs, Defendants lacked the authority to discontinue Danny's employment relationship, and they maintain that Danny Bugg is still a legal employee of the City. Specifically, Plaintiffs contend that former City Manager David Frasher had no authority to appoint Police Chief Jason Stachey; that no Defendant possessed the power to interpret Danny Bugg's intent regarding the September 8, 2017 email, as only Danny himself could end his employment relationship based on his own intent; and that, because Defendants took action in reliance on a state law and a local ordinance that are unconstitutional, Defendants lacked the power and authority to end Danny's employment in any manner. Plaintiffs object to the Report and Recommendations contending that the Magistrate failed to address the "lack of delegated authority" issue(s).

In order to survive a motion for summary judgment, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts" and cannot rest on mere denials or allegations. *Gibson v. Am. Greetings Corp.*, 670 F.3d 844, 853 (8th Cir. 2012). In this case, Plaintiffs are obligated to meet proof with proof. *Bolderson v. City of Wentzville*, 840 F.3d 982, 986 (8th Cir. 2016). Unsubstantiated suspicions will not suffice to meet that burden.

In the pleadings filed in support of their motion for summary judgment, Defendants cite to Ark. Code Ann. §14-42-110(b) as authority for their power to act in this case: "City managers in cities having a city manager form of government shall have the power to appoint and remove all

---

a day to make my exit from the City of Hot Springs. This is NOT my retirement, quite frankly I feel there is much more I can do in this field of work. I simply am unable to continue in a format where the likelihood of this department stepping into operational failure appears to be the path we will embark upon beginning next year.

I have always, and will always take great pride of the services we have provided, and the great respect of very, very difficult jobs we have asked our employees to do repeatedly. That, as well as you will be forever in my heart and memory.

This date is tentative, however seem the most logical time to move forward.

department heads." *Id.*  Defendants also cite to the local ordinance giving the city manager the power and duty to "supervise and control all administrative departments, agencies, offices and employees of the city subject to such conditions and exceptions, if any, as may be determined from time to time by the board of directors" and "delete, reclassify, consolidate or combine positions, offices, units, sections, departments or divisions under his/her jurisdiction."  H.S.C. §2-3-4(d).

In response, Plaintiffs contend that Ark. Code Ann. § 14-42-110(b) and H.S.C. § 2-3-4(d) are unconstitutional[2] because they conflict with Ark. Code Ann. § 14-47-120(4)(A)(i) which provides, "[e]xcept as provided in subdivision (4)(A)(ii) of this section, [the city manager] shall nominate, subject to confirmation by the board, persons to fill all vacancies at any time occurring in any office, employment, board, authority, or commission to which the board's appointive power extends."  According to Plaintiffs, §14-47-120 limits the city manager to making nominations, and the nominations must be confirmed by the board of directors before becoming effective.  In addition, Plaintiffs refer to §14-47-120(4)(B) which provides that a city manager may remove from office "all officials and employees" and that '[r]emoval by the city manager shall be approved by the board."  *Id.*  In short, Plaintiffs' argue that the city manager is "powerless to unilaterally remove officials and employees." (Pls.' Mot. Partial Summ. J. at 11, July 29, 2019, ECF No. 55.)

The Court finds no merit in the Plaintiffs' arguments.  It is far from clear that the code sections conflict with each other.  In any event, this Court will not rule on the constitutionality of any statute or ordinance in this case, because Plaintiffs' complaint does not make such a claim.  Ark. Code Ann. §14-42-110(b) and H.S.C. §2-3-4(b) were in effect (and remain in effect to this day), and Defendants were entitled to rely on them.  Accordingly, Plaintiffs' arguments regarding

---

[2] By order (ECF No. 78) entered September 4, 2019, this Court denied Plaintiffs' motion (ECF No. 69) for leave to amend or supplement the complaint in order to challenge the constitutionality of Ark. Code Ann. §14-42-110(b) and H.S.C. §2-3-4(d).

"lack of authority" cannot provide the basis for finding that the Defendants' actions and conduct in this case were unlawful.

Plaintiffs' objections offer neither law nor fact requiring departure from the Magistrate's findings. Accordingly, the Report and Recommendation is proper, contains no clear error, and is ADOPTED IN ITS ENTIRETY.

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Partial Summary Judgment (ECF No. 55) be denied.

IT IS SO ORDERED this 23rd day of September 2019.

/s/ *Robert T. Dawson*
ROBERT T. DAWSON
SENIOR U.S. DISTRICT JUDGE